UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOHN LUKE SHANNON,

               Defendant.

No. 18-cr-809 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

      Before the Court is a request by Defendant John Luke Shannon for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 49 ("Mot.").)  For the reasons set forth below, the Court declines to grant Shannon compassionate release, but adjourns his surrender date to Tuesday, September 1, 2020.

      On November 1, 2018, Shannon pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 (Doc. No. 17) arising from his scheme to defraud a foreign company by falsely representing that the U.S. Department of Treasury, Office of Foreign Assets Control had penalized him for his business dealings with that company.  (Doc. No. 23 ¶¶ 5–30).  The Court accepted his guilty plea on November 18, 2018.  (Doc. No. 16.)  On October 18, 2019, the Court sentenced Shannon principally to one year and one day imprisonment, three years' supervised release, and $179,420 in restitution, and ordered him to self-surrender at the institution designated by the Bureau of Prisons ("BOP") on January 7, 2020.  (Doc. No. 39.)  On December 20, 2019, the Court adjourned Shannon's surrender date, at his request and with the government's consent, to February 6, 2020, given that Shannon had yet to receive his BOP designation and that Shannon's medical needs could interfere with his ability to make travel arrangements on short notice.  (Doc. No. 43.) The BOP subsequently notified Shannon that he was designated to FCI Butner's Low Security

facility ("FCI Butner Low") in North Carolina. (Doc. No. 50 ("Gov't Opp'n") at 2.) The Court twice more adjourned Shannon's surrender date – on February 3, 2020 and March 4, 2020 – in light of Shannon's developing medical conditions, at Shannon's request and with the government's consent. (*See* Doc. No. 44.) On March 17, 2020, the Court adjourned Shannon's surrender date a fourth time, at his request and with the government's consent, to July 6, 2020 in light of the COVID-19 pandemic and Shannon's health. (Doc. No. 45.) Shannon has yet to surrender to BOP custody and remains at his home in Arizona. (Doc. No. 54 ("Reply") at 5.)

In his motion for compassionate release, Shannon contends first that he has exhausted his administrative remedies, as required by § 3582(c)(1)(A), because he sent a request for compassionate release to the warden of FCI Butner Low on April 10, 2020 and 30 days have now passed without a response. (Mot. at 7.) He next argues that extraordinary and compelling reasons warrant a reduction of his sentence to time served and the addition of a term of home confinement to the conditions of his supervised release because (1) his medical conditions place him in the high-risk category for serious complications if he were to contract COVID-19 (*id.* at 1) and (2) FCI Butner has been "the single, hardest hit facility [by COVID-19] anywhere in the BOP system" (*id.* at 6). He also maintains that the § 3553(a) factors justify a reduction of his sentence to time served because of the health risk that incarceration would pose to him. (*Id.* at 9.)

The government opposes Shannon's motion, contending that (1) his motion is premature because he has yet to surrender to BOP custody (Gov't Opp'n at 4–5 (citing *United States v. Konny*, No. 19-cr-283 (JGK), 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020) ("Because the defendant is not currently in the custody of the BOP, his application is premature.")); and (2) the § 3553(a) factors weigh against his release (*id.* at 6–7). In reply, Shannon maintains that his motion is properly before the Court (Reply at 1–4) and insists that his circumstances, together with the

extraordinary and compelling reasons engendered by the COVID-19 pandemic, warrant this Court reducing his sentence (*id.* at 4–5).

Even if the Court had the authority to grant a motion for compassionate release submitted by a defendant who has not yet surrendered to BOP custody – a question that the Court reserves for another day – the Court declines to do so here. As stated on the record at Shannon's sentencing in October, the Court carefully considered the variety of factors set forth in § 3553(a) before determining that a term of imprisonment of one year and one day was appropriate. (Doc. No. 40 at 18–22.) The reasons for that sentence are as applicable today as they were then and have not been obviated or rendered irrelevant by the arrival of the COVID-19 virus. Given that the facts and knowledge surrounding the COVID-19 pandemic are rapidly changing and that the BOP's policies and responses to the virus, at FCI Butner and elsewhere, are steadily evolving, the Court declines to effectively vacate Shannon's sentence at this time. Instead, the Court is persuaded that the wiser course, under the circumstances, is to adjourn Shannon's surrender date to Tuesday, September 1, 2020. (*See* Gov't Opp'n at 1, 7; Reply at 5.)

IT IS HEREBY ORDERED THAT Shannon's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 49. IT IS FURTHER ORDERED THAT Shannon's surrender date is adjourned to Tuesday, September 1, 2020.

SO ORDERED.

Dated:   June 22, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation